IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–147–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JORDAN LEE LARUE, | |
| Defendant. | |

Before the Court is Defendant Jordan Lee Larue's Motion to Extend Deadline for Self-Surrender. (Doc. 37.) For the reasons explained, the motion is denied.

## BACKGROUND

On November 10, 2020, Larue was sentenced to five months of custody and three years of supervised release after pleading guilty to count II of the indictment which charged him with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). (Doc. 34.) At Larue's request, the Court allowed Larue to self-surrender as notified by the United States Marshals Service ("USMS") once he was placed at a Bureau of Prison's ("BOP") facility. (*Id.* at 2.) USMS has since notified Larue that he must report to FPC Yankton no later than December 16, 2020 by 2:00 p.m. (Doc. 39 at 2.) Larue now requests a 14-day

1

extension of his deadline to self-surrender so he may spend Christmas with his family. (Doc. 37 at 1.)

## DISCUSSION

Larue does not provide any authority for his request, leaving both the Government and this Court uncertain as to the framework under which this issue should be analyzed. Larue does not request a modification to his sentence under 18 U.S.C. § 3582, and he is not requesting release "awaiting imposition or execution of [a] sentence" under 18 U.S.C. § 3143(a)(1). Given that Larue's business before the Court has (for present purposes) concluded and he has been ordered to report to FPC Yankton, his request for an extension is no longer strictly a matter subject to the Court's calendar. The Court is therefore hesitant to interfere with the BOP's inmate placement decisions.

Although some district courts have granted a limited extension of the deadline to self-surrender, the vast majority of these courts have done so only upon finding a compelling need. *See, e.g.*, United States v. Proudfoot, No. 3:15-CR-427-SI-02, 2020 WL 4284128, at *1 (D. Or. July 27, 2020) (granting unopposed motion to extend self-surrender based on COVID-19); United States v. Matthaei, No. 1:19-CR-00243-BLW, 2020 WL 3268273, at *1 (D. Idaho June 16, 2020) (granting two extensions of defendant's deadline to self-surrender due to his considerable health conditions and COVID-19, but denying his third unopposed

request); *United States v. Barber*, 466 F. Supp. 3d 1127, 1128 (D. Or. 2020) (granting defendant's request for extension "to address family matters arising from the death of his mother"). Larue's request to delay a five-month custodial term in order to spend Christmas with his family does not constitute a compelling need for such a delay.

It is also not irrelevant to the Court that here, unlike the cases cited above, the Government opposes the motion. The Government is concerned that extending the deadline for Larue to self-report will burden the United States Probation Office ("USPO") and could lead to further drug use "making [Larue] a potential danger to the community." (Doc. 39 at 4.) This concern is not unfounded. "While on pretrial supervision, Larue tested positive for methamphetamine and marijuana, failed to appear for substance abuse testing, and failed to appear for substance abuse treatment." (Doc. 39 at 4.) The Court has recently been notified by the USPO that Larue admitted to using methamphetamine within the last week. As the Government notes, the ability to self-surrender is a privilege. *United States v. Savage*, 888 F.2d 528, 529 (7th Cir. 1989). Larue's hit or miss track record does not convince the Court that he should be granted a continuation of that privilege. Accordingly,

IT IS ORDERED that the Motion (Doc. 37) is DENIED.

DATED this 9th day of December, 2020.

_____
Dana L. Christensen, District Judge
United States District Court