IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–147–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JORDAN LEE LARUE, | |
| Defendant. | |

Before the Court is Defendant Jordan Lee Larue's Unopposed Motion for Early Termination of Supervision. (Doc. 60.) The United States does not oppose. (*Id.* at 1–2.) United States Probation Officer Spencer Leonhardt does not oppose. (*Id.* at 2.) For the reasons below, the Court grants the Motion.

**Background**

On November 10, 2020, Defendant was sentenced for prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). (Doc. 34.) The Court sentenced Defendant to 5 months of imprisonment, followed by three years of supervised release. (*Id.* at 2–3.) Defendant began serving his original term of supervision on April 23, 2021. (Doc. 61 at 2.) On May 24, 2023, the Court revoked Defendant's supervised release and held sentencing in abeyance. (Doc. 53.) On December 6, 2023, the Court sentenced Defendant to time served followed by 35

months of supervised release. (Doc. 55.) Defendant has no additional violations of supervised release.

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that his supervised release should be terminated because he has served 14 months of supervision since his revocation. (Doc. 61 at 3.) Defendant further explains that he resides at a sober living facility in Billings, where he is a manager. (*Id.*) Defendant recently graduated a sobriety program

where he completed 345 drug tests and 809 hours of treatment. (*Id.*) He attends

three to five AA meetings per week as well as bible study at his church. (*Id.* at 3–

4.) If Defendant is released from supervision, he will move to Kalispell to start the

reunification process with his children. (*Id.* at 4.) Defendant's father has a job and

apartment for Defendant in Whitefish. (*Id.*)

Based on Defendant's compliance with the terms of supervision, his

commitment to sobriety, and his strong work ethic, the Court believes Defendant

can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the

"characteristics" of Defendant, along with the need to promote "deterrence" and

"protect the public," the Court agrees with Defendant that continued supervision is

no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 60) is

GRANTED. Jordan Lee Larue's term of supervised release is TERMINATED as

of the date of this Order.

DATED this 25th day of February, 2025.


_____
Dana L. Christensen, District Judge
United States District Court